* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and arguments of the parties. The appealing party has not shown good ground to receive further evidence or rehear the parties or their representatives. Following its review, the Full Commission affirms the Opinion and Award of the Deputy Commissioner, with certain modifications.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as: *Page 2 
 STIPULATIONS
1. On all relevant dates, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On all relevant dates, an employee-employer relationship existed between Plaintiff-Employee and Defendant-Employer.
3. On April 28, 2005, Plaintiff sustained an injury by accident to his back arising out of and in the course of his employment with Defendant-Employer, Waugh Asphalt Company. Selective Insurance Company was Defendant-Employer's workers' compensation carrier at that time.
4. On August 18, 2005, Plaintiff was released to return to work with a ten percent (10%) permanent partial disability rating to his back. On 22 August 2005, Plaintiff returned to work for Defendant-Employer.
5. On October 19, 2005, Defendant-Employer's workers' compensation insurance coverage with Selective Insurance Company ended.
6. An Industrial Commission Form 21 Agreement for Compensation and Disability was filed with the Industrial Commission on December 14, 2005 and an Industrial Commission Form 28B was filed on January 6, 2006. All compensation due at that time was paid, and Plaintiff's right to re-open his claim was reserved.
7. Plaintiff experienced a worsening of his back condition necessitating the need for further medical treatment while Defendant-Employer was insured by AIG Insurance Company, and Plaintiff first requested additional medical treatment from Defendant-Employer on September 5, 2006. On September 7, 2006, Selective denied coverage contending that a new injury had occurred. On September 13, 2006, Plaintiff applied for additional medical *Page 3 
compensation and served written notice claiming benefits for a substantial change of condition on September 25, 2006. Plaintiff was unable to work for Defendant-Employer beginning on
September 24, 2006. Dr. Moe R. Lim, an orthopedic surgeon with The Spine Center of UNC Memorial Hospital, performed an L2-3 revision decompression with bilateral facetectomies with posterior fusion and segmental pedicle screw instrumentation at levels L2-4 on September 26, 2006. Plaintiff was out of work from September 24, 2006 through December 16, 2006. On November 19, 2007, AIG denied coverage alleging Plaintiff did not suffer a new injury.
8. Plaintiff's average weekly wage as of April 28, 2005, was $832.00, resulting in a weekly compensation rate of $545.91.
9. Plaintiff's average weekly wage during the fifty-two (52) week period preceding September 24, 2006, was $842.58, which yields a compensation rate of $561.75.
10. At the hearing, the parties submitted the following:
 a. A Packet of Medical Records, which was admitted into the record and marked as Stipulated Exhibit (2) and which included the following:
 (i). Records of Dr. Raymond C. Sweet (43 pages);
 (ii). Records from UNC Hospital, (157 pages);
 (iii). Records from Deep River Rehabilitation (30 pages), and;
 (iv). An Itemization of Specials and Bills (19 pages).
 b. A Packet of Industrial Commission Forms and Filings, which was admitted into the record and marked as Stipulated Exhibit (3).
 * * * * * * * * * * * *Page 4 EVIDENTIARY MATTERS
At the hearing before the Deputy Commissioner, Defendants Waugh Asphalt Company and Selective Insurance Company submitted the following:
 a. A Packet of Medical Records from UNC Hospital (10 pages), which was admitted into the record and marked as Defendants' Exhibit (A1), and;
 b. Responses to Defendants Waugh Asphalt Company's and AIG Insurance Company's First Set of Interrogatories (7 pages), which was admitted into the record and marked as Defendants' Exhibit (A2).
Also at the hearing before the Deputy Commissioner, Defendants Waugh Asphalt Company and AIG Insurance Company submitted the following:
 a. A Transcript of Plaintiff's Recorded Statement to an AIG Adjuster, (10 pages), which was admitted into the record and marked as Defendants' Exhibit (B1).
 * * * * * * * * * * *
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is 57 years old. On April 28, 2005, Plaintiff was employed as a Mechanic for Defendant-Employer and was in the process of putting a starter on an asphalt roller. During this process, Plaintiff bent down to remove the starter and when he lifted the starter, experienced the onset of severe pain and a burning sensation in his back.
2. Following this incident, Plaintiff was examined by Dr. Raymond C. Sweet on May 10, 2005, at which time Plaintiff reported experiencing severe low back pain and right leg pain. After multiple diagnostic images were obtained, Dr. Sweet diagnosed Plaintiff as having *Page 5 
lumbar stenosis at L2-3 bilaterally and a herniated nucleous pulposus at L2-3 on the right side. Plaintiff was admitted for emergency surgery, which consisted of a decompressive laminectomy at L2-3 and a right far lateral diskectomy at L2-3.
3. On August 18, 2005, Dr. Sweet released Plaintiff to return to work as of August 22, 2005, found him to have reached maximum medical improvement, and assigned a ten percent (10%) permanent partial disability rating to his back. Additionally, Plaintiff was assigned long term restrictions of no repetitive bending, crawling, climbing, or lifting more than twenty (20) pounds on a regular basis.
4. Following his return to work in August 2005, Plaintiff did fairly well during the remainder of 2005 with his restrictions. In July 2006, he began experiencing worsening pain in the same area of his back as prior to his 2005 injury and surgery. Initially, he reported the complaints of pain to his wife, and first reported these symptoms to a physician when he went to his family doctor, Dr. Thomas Keyserling, for his annual physical on August 23, 2006. Dr. Keyserling's records reflect that Plaintiff reported experiencing increased back pain over the previous four to six weeks with pain also in his legs, worse in the left leg than the right. He reported to Dr. Keyserling that he did nothing particular that caused the increased pain and that it just started getting worse. On cross-examination, Plaintiff explained that, although he could not pinpoint a date, at some point in July 2006, he noticed that his worsening back pain was becoming very uncomfortable during work.
5. Katherine Evans Poole, Plaintiff's wife, testified that she is a registered nurse at UNC Hospital and that in July 2006, Plaintiff began reporting to her that his back was hurting again, that he had not done anything particular to make it hurt, and that it just got worse. She suggested to Plaintiff that he report his increased pain to his physician at an upcoming physical *Page 6 
in August. Mrs. Poole also testified that she accompanied Plaintiff to the appointment and that Plaintiff informed Dr. Keyserling that his back had been hurting over the previous four to six weeks and was continually getting worse. Dr. Keyserling informed them that the MRI revealed changes at the level of the surgery and that he would refer Plaintiff to Dr. Moe R. Lim at UNC Hospital because Dr. Sweet had retired.
6. On September 5, 2006, Plaintiff reported to Ms. Katherine Ward, Defendant-Employer's office manager, that his back was again hurting.
7. Ms. Ward testified that, as Defendant-Employer's office manager, she was responsible for completing workers' compensation claim forms. Ms. Ward further testified that she became aware of Plaintiff's worsening back pain when he came to her office on September 5, 2006, and reported he had been working on a truck, stood up, and felt a sting. Although Ms. Ward assumed that the incident had just occurred, she testified that she really did not know when the described incident occurred.
8. An Industrial Commission Form 19 Employer's Report of Injury completed by Ms. Ward describes Plaintiff as having sustained a back injury when he "was working on a truck, stood up and felt a sting in back."
9. Mr. Christopher Waugh, Defendant-Employer's part owner, testified that between August 2005 and September 2006, Plaintiff had not complained to him of back pain. Mr. Waugh learned of Plaintiff's condition from Ms. Ward. Mr. Waugh's understanding was that Plaintiff injured his back while working on a truck when he stood up and felt a pinch in his back and that this occurred prior to September 5, 2006, but he did not know the exact date. *Page 7 
10. There is no evidence of record that Plaintiff ever said anything directly to Mr. Waugh about an actual incident that occurred at work during the period of July to September 2006.
11. On September 7, 2006, Selective Insurance Company advised Plaintiff that he had sustained a new injury and his claim was therefore denied because Selective did not insure Defendant-Employer on the date of this new alleged injury.
12. On September 13, 2006, Plaintiff filed an Industrial Commission Form 18M for increased back pain due to his April 28, 2005 injury by accident. Dr. Lim signed the form and indicated that Plaintiff would need additional medical treatment as a result of his April 28, 2005 injury.
13. Dr. Lim noted in his records that Plaintiff reported experiencing severe thigh pain and numbness and back pain and that he underwent back surgery in May 2005. Dr. Lim's records also note that Plaintiff reported doing relatively well after the 2005 surgery, that he had never completely healed, and that his current symptoms arose in the absence of any new traumatic or a work related event. Surgery was recommended over further non-operative treatment.
14. In his November 12, 2007 recorded statement to an adjuster at AIG, Plaintiff stated that his back pain just reoccurred in July 2006 and then began to gradually worsen. Plaintiff also informed the adjuster that he had not done anything to make his back pain worsen.
15. Although the Full Commission has no reason to doubt the credibility of Ms. Ward, the overwhelming evidence of record supports a finding that she was mistaken in writing the injury description on the Form 19. In part, this finding is based upon the entirely credible *Page 8 
and supported testimony of Plaintiff and his wife. Additionally, their testimony is adverse to their monetary interest as his compensation rate for a new injury would be higher.
16. On September 26, 2006, Plaintiff underwent surgery performed by Dr. Lim whose operative findings included abundant thick scar tissue over the site of the previous surgery and in the bilateral L2 foramen, which was removed to the extent possible. The Full Commission finds as fact that the surgery by Dr. Lim and all related medical treatment was a revision of the previous surgery by Dr. Sweet and was necessitated as a result of a gradual worsening of the injury Plaintiff sustained on April 28, 2005.
17. Following the surgery by Dr. Lim, Plaintiff was medically excused from work through December 16, 2006. Thereafter, he returned to work on a limited schedule, but was paid his full salary during that period.
18. Plaintiff sustained a substantial change of condition representing a worsening of the injuries sustained as the result of his April 28, 2005 injury by accident and resulting surgery, which necessitated a second surgery and related medical expenses.
19. Based upon the credible evidence of record, as a result of his change of condition and resulting second surgery, Plaintiff was unable to earn any wages in his position with Defendant-Employer or in any other employment for the period of September 24, 2006 through December 16, 2006.
20. Plaintiff contends that Ms. Poole is entitled to payment of compensation for attendant care services she provided for him following the surgery by Dr. Lim. However, there is no evidence that Dr. Lim or any other treating physician prescribed attendant care services for Plaintiff. *Page 9 
21. Ms. Poole testified that Dr. Lim informed her that he would not assign Plaintiff a permanent partial disability rating as he did not assign such ratings and would refer Plaintiff to Dr. Michael Lee at UNC Hospital to have a rating assigned.
22. Neither Defendant-Carrier defended this matter in an unreasonable manner indicative of stubborn, unfounded litigiousness.
 * * * * * * * * * * *
Based upon the competent evidence of record, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained a substantial change of condition representing a worsening of the injuries sustained as a result of his April 28, 2005 injury by accident and resulting surgery, which necessitated a second surgery and related medical expenses. N.C. Gen. Stat. § 97-47.
2. As a result of his change of condition and resulting second surgery, Plaintiff is entitled to have Defendants Waugh Asphalt Company and Selective Insurance Company pay him temporary total disability compensation at the rate of $545.91 per week for the period of September 24, 2006 through December 16, 2006. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to have Defendants Waugh Asphalt Company and Selective Insurance Company pay for all medical expenses incurred or to be incurred in relation to his April 28, 2005 injury by accident and his change of condition, subject to the provisions of N.C. Gen. Stat. § 97-25.1, including expenses associated with the treatment provided by Dr. Lim, but not including compensation for alleged attendant care services provided by Ms. Poole, when the medical bills have been approved according to established Industrial Commission procedures. N.C. Gen. Stat. §§ 97-25; 97-25.1. *Page 10 
4. The issue of whether Plaintiff sustained additional permanent partial disability as a result of his change of condition does not appear to be ripe for consideration at this time. N.C. Gen. Stat. § 97-31.
5. AIG should be dismissed from this claim based on a lack of evidence that Plaintiff sustained a new injury by accident or specific traumatic incident on or around September 5, 2006.
6. Because neither Defendant-Carrier defended this matter in an unreasonable manner indicative of stubborn, unfounded litigiousness, Plaintiff is not entitled to sanctions in the form of attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants Waugh Asphalt Company and Selective Insurance Company shall pay to Plaintiff temporary total disability compensation at the rate of $545.91 per week for the period of September 24, 2006 through December 16, 2006. This accrued compensation shall be paid to Plaintiff in a lump sum.
2. A reasonable attorney's fee in the amount of twenty-five percent (25%) is hereby approved to be deducted from the sum due Plaintiff and paid directly to Plaintiff's counsel in a lump sum.
3. Defendants Waugh Asphalt Company and Selective Insurance Company shall pay for all medical expenses incurred or to be incurred by Plaintiff as a result of his April 28, 2005 injury by accident and subsequent change of condition, subject to the provisions of N.C. Gen. *Page 11 
Stat. § 97-25.1, including expenses associated with the treatment provided by Dr. Lim, but not including compensation for alleged attendant care services provided by Ms. Poole, when the medical bills have been approved according to established Industrial Commission procedures. Defendants Waugh Asphalt Company and Selective Insurance Company shall pay all related medical expenses to the relevant medical providers and shall facilitate reimbursement of Plaintiff and United Healthcare, Plaintiff's private health insurer, by said medical providers.
4. The issue of whether Plaintiff sustained additional permanent partial disability as a result of his change of condition is HEREBY RESERVED for determination at a later time.
5. Defendant-Carrier AIG Insurance Company is HEREBY DISMISSED as a party Defendant in this claim.
6. Defendants Waugh Asphalt Company and Selective Insurance Company shall pay the costs.
This the ___ day of March 2009.
S/_______________________ PAMELA T. YOUNG CHAIR
CONCURRING:
 S/_______________________ BERNADINE S. BALANCE COMMISSIONER
 S/_______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 1